Believing the fire to have abated, the parties left, though the next morning their mistake was discovered by finding the damages complained of. Plaintiff had judgment for $329.31 on doubtful testimony as to value. Disregarding the unsatisfactory condition of the record, and giving to the plaintiff every reasonable inference to be raised from the circumstances, the judgment was erroneous, and should be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

**BUCKY v. BEN FRANKLIN INS. CO.** (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by Milton G. Bucky against the Ben Franklin Insurance Company. No opinion. Motion granted.

**BURKE, Appellant, v. LONDON GUARANTEE & ACCIDENT CO., Respondent.** (Supreme Court, Appellate Division, Second Department. May 1, 1908.) Action by Mary Burke, an infant, by George J. O'Keefe, her guardian ad litem, against the London Guarantee & Accident Company. No opinion. Judgment affirmed, with costs, on opinion of Mr. Justice Gaynor at Special Term. 47 Misc. Rep. 171, 93 N. Y. Supp. 652.

**BURROW v. MARCEAU.** (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by Ernest M. Burrow against Theodore Marceau. No opinion. Motion denied, with $10 costs. Order filed.

**CADDY, Appellant, v. INTERBOROUGH RAPID TRANSIT CO., Respondent.** (Supreme Court, Appellate Division, Second Department. May 8, 1908.) Action by William H. Caddy against the Interborough Rapid Transit Company. No motion. Motion denied.

**CANE, Respondent, v. BECKER, Appellant.** (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by Henry W. Cane against Gustav Becker. L. F. Doyle, for appellant. M. H. Cane, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

**CANTY, Appellant, v. HENDERSON et al., Respondents.** (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by Nellie E. Canty against Matilda E. Henderson and others. J. Rosenzweig, for appellant. M. B. Cohn, for respondents. No opinion. Judgment affirmed, with costs, with leave to plaintiff to amend on payment of costs. Order filed.

**CARRIE et al. v. AMERICAN SODA FOUNTAIN CO.** (Supreme Court, Appellate Division, First Department. May 15, 1908.) Action by Frank G. Carrie and another against the American Soda Fountain Company. No opinion. Motion denied, with $10 costs. Order filed.

**CHARLES E. PEARSALL & SON, Respondents, v. GOULD, Appellant.** (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Charles E. Pearsall & Son against Edwin Gould. No opinion. Judgment and order affirmed, with costs to the plaintiffs.

**CIFALDI, Respondent, v. DAVIDOW et al., Appellants.** (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by Thomas P. Cifaldi against William H. Davidow and another. J. Fromme, for appellants. M. D. Steuer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

**In re CITY OF NEW YORK.** (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Appeal from Special Term, Westchester County. Condemnation proceeding by the city of New York to acquire property for a dam and reservoir, under Laws 1883, c. 490, and laws amendatory thereof. From an order taxing commissioners' fees and expenses, the city appeals. Affirmed. See 56 Misc. Rep. 311, 106 N. Y. Supp. 1003. H. T. Dykman, for appellant. Michael J. Tierney, for respondents.

PER CURIAM. These commissioners, under the provisions of chapter 725, p. 2051, Laws 1905, have been awarded $2,000 each in a condemnation proceeding. The city of New York appeals. The commissioners claimed $3,000 each. An affidavit on behalf of the city suggested $1,000 each, with a possible $1,250. The court allowed $2,000 each. While this amount seems large for the amount of work shown by the record, there are not sufficient facts before us to justify the conclusion that there is an abuse of the judicial discretion vested in the court at Special Term. Without desiring to establish a precedent for future cases, where the matters are more fully presented to the court, we are not disposed to reverse the order before us.

**CITY REAL ESTATE CO., Appellant, v. KING, Respondent, et al.** (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by the City Real Estate Company against William F. King, impleaded. E. E. Sprague, for appellant. J. H. Corwin, for respondent. No opinion. Judgment (110 N. Y. Supp. 230) affirmed, with costs, with leave to plaintiff to amend on payment of costs. Order filed.

**In re CITY AND COUNTY HALL FOR USE OF CITY OF BUFFALO AND ERIE COUNTY.** (Supreme Court, Appellate Division, Fourth Department. May 6, 1908.) In the matter of the appointment of two trustees of the city and county hall for the use of the city of Buffalo and county of Erie, in place of Wadsworth, J. Zittel and Henry C. Steul, whose terms of office expire May 4, 1908. No opinion. Wadsworth J. Zittel and Henry C. Steul appointed trustees, each for the term of six years from May 4, 1908.

**CLARK, Appellant, v. CROSBY & CO. et al., Respondents.** (Supreme Court, Appellate Division, Second Department. May 8, 1908.) Action by Irving Clark against Crosby & Co. and

another. No opinion. Order affirmed, with $10 costs and disbursements.

CLEEVE, Appellant, v. FISCHER–HANSEN, Respondent. (Supreme Court, Appellate Division, First Department. May 29, 1908.) Action by Henry F. Cleeve against Carl Fischer-Hansen. L. C. Ferguson, for appellant. W. M. Seabury, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

CLEMENT, State Excise Com'r, Appellant, v. STRATTON et al., Respondents. (Supreme Court, Appellate Division, Third Department. May 22, 1908.) Action by Maynard N. Clement, as state commissioner of excise, against Addison Stratton and another. No opinion. Order affirmed, with $10 costs and disbursements.

CLEMENTS, Respondent, v. NEW YORK CITY INTERBOROUGH RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. April 24, 1908.) Action by Arthur Clements, an infant, against the New York City Interborough Railway Company. B. H. Ames, for appellant. A. F. Clark, for respondent. No opinion. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, on the ground that the verdict was against the weight of evidence. Order filed.

COHEN, Respondent, v. FEIN, Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Julius Henry Cohen against Edward Fein. No opinion. Judgment of the Municipal Court affirmed, with costs.

COHN, Respondent, v. CATSKILL MOUNTAIN RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. May 15, 1908.) Action by Emma Cohn against the Catskill Mountain Railway Company. F. H. Osborn, for appellant. H. Gottlieb, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

COHNFIELD v. O'HARA et al. (Supreme Court, Appellate Division, First Department. May 15, 1908.) Action by Mary A. Cohnfield against Catherine O'Hara and another. From an order opening default of defendant, plaintiff appeals. Order modified, and, as modified, affirmed. J. A. Hodge, for appellant. Harold Swain, for respondent.

PER CURIAM. The order should be modified, by requiring the defendant to stipulate that the plaintiff shall, on five days' notice to the defendant's attorney, be at liberty to take the testimony of any witness to her marriage, for the purpose of perpetuating the evidence to be used upon the trial. As so modified, the order should be affirmed, without costs.

CONGREGATION BIKER CHOLEM LINAS HALALU, Appellant, v. FIRST CHIROWER CONGREGATION et al., Respondents. (Supreme Court, Appellate Division, Second Department. May 8, 1908.) Action by the Congregation Biker Cholem Linas Halalu against the First Chirower Congregation and another. No opinion. Appeal dismissed, with $10 costs and disbursements.

CONGREGATION BIKER CHOLEM LINAS HALALU, Appellant, v. FIRST CHIROWER CONGREGATION et al., Respondents. (Supreme Court, Appellate Division, Second Department. May 8, 1908.) Action by the Congregation Biker Cholem Linas Halalu against the First Chirower Congregation and another. No opinion. Motion denied.

CONROY, Respondent, v. CLEVELAND, C., C. & ST. L. RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 13, 1908.) Action by Michael Conroy against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. No opinion. Judgment and order affirmed, with costs.

CONWAY, Respondent, v. SWIFT & CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Bridget Conway against Swift & Co. No opinion. Judgment and order unanimously affirmed, with costs.

In re COOK'S ESTATE. (Supreme Court, Appellate Division, Fourth Department. May 13, 1908.) In the matter of the appraisal of the estate of Frederick Cook, deceased, etc. No opinion. Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted, and questions for review certified.

CORMACK, Respondent, v. NEW YORK, N. H. & H. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by Mark N Cormack against the New York, New Haven & Hartford Railway Company. C. M. Sheafe, for appellant. C. D. Ridgway, for respondent.

PER CURIAM. Determination affirmed, with costs. Order filed.

INGRAHAM, J., dissents.

CORMACK v. NEW YORK, N. H. & H. R. CO. (Supreme Court, Appellate Division, First Department. May 29, 1908.) Action by Mark N. Cormack against the New York, New Haven & Hartford Railroad Company. No opinion. Motion granted. Order filed.

CORNING GLASS WORKS v. CORNING GLASS CO. et al. (Supreme Court, Appellate Division, Fourth Department. May 6, 1908.) Action by the Corning Glass Works against the Corning Glass Company and others. From a judgment for defendants, plaintiff appeals. Affirmed. See 75 App. Div. 629, 78 N. Y. Supp. 1112.

PER CURIAM. Judgment affirmed, with costs.

KRUSE, J. I dissent upon the ground that the name, "Corning Cut Glass Company," adopted by the defendant, is so nearly like the plaintiff's name as likely to deceive, and that the use thereof by the defendant in the same general business and in the same locality as that of the